HOLMES, Judge.
This is an appeal from a judgment in a case concerning attorney's fees and the denial of a counterclaim for breach of contract and “negligent legal malpractice.”
After an ore tenus hearing, the trial court found for the plaintiff on his claim for attorney’s fees and awarded $1,320. The trial court found against the defendant on his counterclaim. The defendant now appeals and we affirm.
*763 The defendant (hereinafter Miller) raises several issues on appeal. He first contends that a change of venue should have been granted. Second, Miller contends that he was entitled to a jury trial. Third, Miller contends that, after refusing to grant a jury trial, the trial court erred in not issuing findings of fact and conclusions of law. Lastly, Miller contends that the evidence was insufficient to support the trial court’s judgment, and that he was entitled to recover on his counterclaim.
For purposes of clarity we will detail the pertinent facts as they relate to the specific issues in question.
I
Miller first contends that he should have been granted a change in venue pursuant to § 6-3-20, Ala.Code (1975). Miller bases his contention on the allegation that he could not receive a fair trial in Madison County Circuit Court.
The plaintiff (hereinafter Culver) brought suit against Miller to recover attorney’s fees from Miller. Culver is a practicing attorney at law in Madison County, and he practices regularly before the Madison County Circuit Court. Miller contends that Culver also conducted ex parte communications with the trial court on two occasions prior to and concerning the trial of the case at bar.
It is Miller’s position that because Culver is an attorney regularly practicing before the Madison County Circuit Court and because Culver communicated ex parte with the court on two occasions, he (Miller) could not receive a fair and impartial trial without a change in venue. This court believes that Miller’s contention is without merit.
The simple fact that Culver comes before the circuit court in his role as an attorney and has done so for many years does not persuade us that any unfairness or impartiality exists. It has been held that a person is not to be penalized merely because he enjoys a good reputation and high standing in the community; alone, that is not sufficient to warrant a change in venue. Braswell v. Money, 344 So.2d 767 (Ala.1977).
Concerning the alleged two occasions where Culver communicated ex parte with the trial court, Miller fails to show this court that any unfairness or impartiality exists. The question to be answered is whether Miller has “spread on the record facts and circumstances of such character as to create a reasonable belief that a fair and impartial trial cannot be obtained....” Braswell v. Money, 344 So.2d 767 (Ala.1977).
From what we can gather from the record, Culver’s communications with the trial court concerned only the status or posture of the case as it proceeded towards trial. One communication consisted of a telephone call to the first trial judge who recused himself later for other, unrelated reasons. The other communication was a telephone call to the second trial judge questioning a possible mistake in the docketing of the case. The trial court evidently told Culver to put his questions in the form of a motion so that the court could rule on the matter. That was done and the trial court granted Culver’s motion.
The matter of granting a change in venue is within the sound discretion of the trial court. Ex parte Adamson, 408 So.2d 151 (Ala.Civ.App.1981). In the instant case we find no abuse of discretion requiring reversal and a review of the record does not reveal facts and circumstances that show Miller was unable to obtain a fair and impartial trial.
II
Miller next contends that the trial court erred in refusing his request for a jury trial.
The present case was initiated in the District Court of Madison County in August 1981, by Culver, who sought to collect attorney’s fees from Miller for legal services rendered Miller. Miller answered in September 1981, and filed a counterclaim against Culver for breach of contract and “negligent malpractice” in a certain case *764 where Culver had represented Miller. The breach of contract claim originated with an incident that occurred approximately twenty years ago.
Miller’s counterclaim exceeded the district court’s jurisdiction and Miller filed a motion on January 28, 1982, to transfer the case to circuit court.
We feel compelled at this point to comment on the propriety of transferring a case from district court to circuit court on motion of the defendant such as we have in this instance. Although not at issue in the instant case, it appears that there exists no requirement that a case should be transferred to circuit court from district court because of a demand for a jury trial or for asserting a counterclaim that exceeds the jurisdictional amount of the district court.
It appears that a demand for a jury trial, or the filing of an “excessive” counterclaim, is not sufficient grounds for transferring an appropriate case originally filed in district court to circuit court. To do so would thwart the jurisdiction of the district court. See §§ 12-11-9 and 12-12-71, Ala. Code (1975), and Rule 13, Alabama Rules of Civil Procedure.
The propriety of transferring the case aside, the fact remains that the case was apparently transferred to circuit court in late January of 1982, and the case was set on the non-jury trial docket for trial in the circuit court April 14, 1982. Miller then petitioned for a continuance on March 29, 1982, and at that time demanded or requested a jury trial. The trial court denied both motions.
Miller then filed a verified motion sometime around April 9, renewing his request for, among other things, a trial by jury. The motion was denied by the trial court on the day that trial was set, April 14, 1982.
Miller then filed a writ of mandamus seeking to have this court direct the trial court to grant Miller a jury trial. On the date that the writ was denied by the court without opinion, the trial judge recused himself sua sponte, giving as his reason the fact that he had represented someone in previous years in an action against Miller. The trial judge also addressed Miller’s contention that it was an abuse of discretion to deny a jury trial by saying, in effect, that Miller had waited until after the case had been scheduled for trial before requesting a jury and that considerable time had elapsed since the commencement of the suit.
The judge assigned to the case after the first judge recused himself held a pretrial conference with both parties. After the conference, the trial court issued an order dated October 26, 1982, containing the issues to be tried and the stipulated facts. In its order the trial court set trial for November 29, 1982, and included the statement “all jury instructions requested by the parties shall be delivered to the court prior to that day and time.” Apparently, through inadvertence or oversight from being unfamiliar with the case, the new trial judge set the case on the jury docket. In an order dated November 3, 1982, the trial court stated that “[t]he foregoing case having been previously set on a civil jury docket November 29, 1982, is hereby continued to December 13, 1982, at 9:00 A.M. on a nonjury docket on motion of the plaintiff’s attorney, Mr. David H. Culver.”
The record in this case is not a paragon of clarity as to when certain actions were taken or why; however, Miller’s arguments and contentions are that the trial court abused its discretion in not allowing a trial by jury even though apparently the demand came later than the required thirty days prescribed by Rule 38, A.R.Civ.P.
If a party demands a jury trial later than the required thirty days of Rule 38, the trial court has the discretion to grant a jury trial under Rule 39(b).
Rule 39(b), A.R.Civ.P., in pertinent part provides that: “[Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.” Under Rule 39(b), the trial court should exercise its discretion *765 liberally in favor of granting a trial by jury in the absence of strong and compelling reasons to the contrary. Mobley v. Moore, 350 So.2d 414 (Ala.1977).
Bearing in mind the above presumption regarding jury trials, we are still not convinced that the trial court abused its discretion in refusing to grant a jury trial. The facts and circumstances of this case appear, to this court, to present a situation where the trial court could exercise its discretion in denying a request for a jury trial.
In the instant case, Miller transferred the case to circuit court. He filed his motion to transfer on January 28, 1982; he filed his demand or request for a jury trial on March 29, 1982, over sixty days since the motion to transfer and after the case was set for trial on the non-jury docket. After the trial court denied Miller’s request for a jury trial, Miller petitioned for a writ of mandamus to require the trial court to grant a jury trial. The trial judge involved recused himself from the case for reasons unrelated to any procedural matters. This court, for whatever reasons, denied the writ of mandamus.
The second trial judge assigned to the case did put the case on the jury docket; this was done October 26, 1982. The reason the case was set on the jury docket is not known; however, when the apparent history of this case was brought to the trial court’s attention by motion of Culver, the trial court reassigned the case to the non-jury docket. Presumably the ease was set on the jury docket by mistake or inadvertence due to the second trial judge’s unfa-rniliarity with the case. In any event, the court set the case for non-jury trial.
Considering the totality of the circumstances of this case, for example, the transfer itself, the length of time involved, the waiver of jury trial, the denial of the 39(b) request for a jury, the fact the case was set for trial before Miller requested a jury, the writ of mandamus, and the discretion allowed the trial court, we believe that the trial court did not err in refusing a request for jury trial. This is so even though we are well aware of the rule of law in favor of granting jury trials.
We also believe that our response to Miller’s contention in regard to venue that unfairness or impartiality existed on the part of the trial judge adequately covers the same assertion here.
III
Miller also contends that the trial court erred in failing to issue findings of fact and conclusions of law. We do not agree.
Miller relies on Rule 52, A.R.Civ.P., to support his contention. The pertinent parts of the statute read as follows:
“(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58;”
As evident from a reading of the above, the issuing of findings of fact and conclusions of law is a matter within the discretion of the trial court. Provident Life & Accident Insurance Co. v. Hanna, 294 Ala. 37, 311 So.2d 294 (1975). There are no statutes that require findings of fact and conclusions of law in cases involving attorney’s fees, breach of contract or negligent malpractice. Therefore, the trial court did not err in refusing to issue findings of fact and conclusions of law.
IV
Finally, Miller contends that the evidence does not support the verdict and judgment in favor of Culver on the claim for attorney’s fees and on Miller’s counterclaim.
A recital of the facts involved in the dispute over attorney’s fees and the counterclaim for breach of contract and negligence would benefit neither the law nor the parties. Suffice it to say that there is evidence to support the trial court’s judgment.
*766 While the evidence is in conflict, it is the duty of the trier of fact to resolve that conflict. Sunnyland Mobile Homes, Inc. v. Thompson, 384 So.2d 1111 (Ala.Civ. App.1980). It is not this court’s duty to substitute our judgment for that of the trier of fact. Clayton v. Simpson, 346 So.2d 457 (Ala.Civ.App.1977). Furthermore, it is a well-known principle of law that where the evidence is heard ore tenus, the trial court’s judgment carries the presumption of correctness and that judgment will not be disturbed unless shown to be palpably wrong or manifestly unjust. N Wilson’s Contracting Co. v. Jones, 425 So.2d 1122 (Ala.1983). In the present ease, viewing the evidence with the above presumptions, the trial court’s judgment was not palpably wrong or manifestly unjust. Hence, no error requiring reversal.
In view of the foregoing, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.