BEATTY, Justice.
These are petitions for writs of mandamus asking this Court to direct the trial judge to withdraw and vacate his orders transferring these cases from Macon County to Montgomery County. Counsel for each of the petitioners is the same and the same issue is raised by the separate petitions. Therefore, for purposes of this opinion, the petitions have been consolidated and are treated as one petition.
The petitioners, plaintiffs below, are not Alabama residents, but they are employees of the defendant, Seaboard Coast Line Railroad Company (Seaboard). Seaboard, a Virginia corporation with its principal place of business in Jacksonville, Florida, is qualified to do business in Alabama. Seaboard maintains and utilizes 32 miles of track running through Macon County, Alabama, and stops at Hanon, Macon County, to pick up cargo for transporting to other states.
Petitioners brought these actions against Seaboard in Macon Circuit Court under the Federal Employer’s Liability Act (FELA), 45 U.S.C. § 51, et seq., for damages arising out of alleged on-the-job injuries. In its answers to petitioners’ complaints, Seaboard challenged both the subject matter and personal jurisdiction of the Macon Circuit Court, as well as the propriety of venue in Macon County. Again, by a motion to dismiss or in the alternative to change venue, Seaboard challenged the jurisdiction or venue in Macon County. Seaboard’s motion was denied. Seaboard later renewed its motion to dismiss or in the alternative to change venue, and it was again denied by the trial court, which, in its order, found:
*1100 “[T]his Court has jurisdiction over the person of the Defendant and ... this Court has subject matter jurisdiction over this action under the Federal Employer’s Liability Act, 28 U.S.C. § 51, et seq. The Court further finds and is of the opinion that venue is proper in the Circuit Court of Macon County, Alabama.”
From this order, Seaboard petitioned this Court for permission to appeal or in the alternative for writ of mandamus, again challenging jurisdiction and venue in Macon County. On July 2, 1984, this Court denied Seaboard’s petitions without opinion. Seaboard System Railroad, cases, 459 So.2d 1015 (Ala.1984). Thereafter, pursuant to Code of 1975, § 6-3-20, Seaboard filed another motion for change of venue in the trial court, this time claiming that it could not receive a fair and impartial trial in Macon County.[1] This motion was supported by, among other things, the affidavit of J.S. Sanders, a claims representative for Seaboard, in which he stated that during preliminary settlement negotiations he received a letter from petitioners’ Texas attorney. That letter, attached to Sanders’s affidavit as an exhibit, contained the following statement: “[W]e have found some very, very favorable jurisdictions in Alabama, where we are assured of getting an all-black jury.” In its motion, Seaboard argued that this statement “constituted a blatant admission of the motive and intent of plaintiff’s counsel to achieve an inherently prejudicial forum.” Seaboard further maintained that “[t]his admission by plaintiff’s counsel of the prejudicial effect of filing these actions in this county mandate [sic] a change of venue.” The trial court entered the following order granting Seaboard’s motion for change of venue:
“ORDER
“This matter came on for consideration this day on Defendant’s Motion for Change of Venue. The principal thrust of the motion is a letter written in the companion case of K.B. Bacon, Plaintiff, versus Seaboard System Railroad Company, Defendant, in Civil Action No. CV 83-109 in the Circuit Court of Macon County in which an attorney for the plaintiff stated ‘we are assured of getting an all-black jury.’ The attorneys are the same attorneys as in that case.
“This case is an FELA case of absolutely no contact with or significance to Macon County. The letter is open evidence of flagrant forum shopping. Through whatever means, the plaintiffs from all over the southeast are placed in touch with plaintiff’s lawyers in Houston, Texas, who in turn associate the local firm [representing plaintiff in this action].
“In open court the defendant renewed earlier motions for change of venue in which the defendant has earnestly contended the defendant would not receive a fair trial in Macon County. The court does not find that the mere fact that a jury may be composed entirely of one race is inherently unfair. The court observes with grave concern the ability of the lawyers under the Alabama system of striking juries to completely exclude one race (either white or black, depending on the county) in many instances, but the court does not find it necessary to question the constitutionality of the strike process.
“The court finds, after considering all affidavits and arguments previously submitted, as well as the present motion and letter, that the defendant will not receive a fair trial in Macon County. The court finds that the plaintiff intentionally chose Macon County as a situs for this litigation based on racial considerations. It is not the racial composition of the jury standing alone that renders the trial unfair. It is the intention of one side or the other to exploit race which brings *1101 about the unfairness. The letter leaves little question that the plaintiff fully intends to strike every white person from the jury and further makes it clear that plaintiff expects a more favorable verdict at the hands of an ‘all black jury.’ Under the strike system which prevails in Alabama the plaintiff can, in fact, ‘be assured of an all black jury’ in Macon County, by the systematic use of the strike process to eliminate the members of other races./Evidence before the Court in this matter establishes that during the immediately past civil term of court in Macon County not one white juror served on a jury. One of the firms representing the plaintiff tried three of the four cases which were tried during that term. The pattern of systematic exclusion of FELA cases in which juries have been previously struck in Macon County [is such that] of six juries struck only one white person has been allowed to serve.
“This court cannot allow the case to proceed to trial under such circumstances. It is hereby ordered that the case be and it is hereby removed from this court to the Circuit Court of Montgomery County, Alabama, for trial and the entire file is to be transferred forthwith to the Clerk of the Circuit Court of Montgomery County, Alabama.”
Petitioners filed a motion to reconsider and set aside the order, which was denied, whereupon these petitions for writ of mandamus were filed in this Court. The only issue presented is whether the trial court abused its discretion in granting a change of venue based on the evidence Seaboard presented to support its claim that it “ean-not have a fair and impartial trial” in Macon County. Section 6-3-20, supra; Braswell v. Money, 344 So.2d 767 (Ala.1977); Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696 (1957). Stated differently, the issue is whether Seaboard has “spread on the record facts and circumstances of such character as to create a reasonable belief that a fair and impartial trial cannot be obtained” in Macon County. Braswell v. Money, supra, at 769. We conclude that, based on the evidence presented, the trial court abused its discretion.
First of all, we note that, although it is clear from its order that the trial court’s decision to grant a change of venue is based on Seaboard’s allegations of unfairness,[2] nevertheless, the trial court does make statements in its order with respect to the cases’ “contact with or significance to Macon County” and “forum shopping.” We do not construe these statements as a finding that venue is improper in Macon County under Code of 1975, § 6-3-7.[3] In fact, in its earlier order pertaining to the propriety of venue in Macon County, the trial court expressly determined venue to be proper in Macon County, and this Court summarily concluded that the trial court did not err by so determining. Furthermore, there is no authority for transferring a case based on considerations of convenience. See medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978); Author’s Comments to Rule 82, C. Lyons, 2 Alabama Practice, Rules of Civil Procedure Annotated 581.
With respect to a motion for change of venue based on the inability of a party *1102 to receive a fair and impartial trial in the county where the action is pending, it is incumbent on the movant to show that some factor (e.g., publicity of the case, stature in the community of opposing counsel or party, etc.) is so overwhelming that it results in an infection of the otherwise unbiased and impartial views and sentiments of the community from which a jury is taken, so as “to create a reasonable belief that a fair and impartial trial cannot be obtained in that county.” See Braswell v. Money, supra; Liberty National Life Ins. Co. v. Weldon, supra; Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953); Hoppe v. State, 74 Wis.2d 107, 246 N.W.2d 122 (1976).
As noted by the trial court, the principal “factor” shown in this case is the statement made in a letter written by one of the petitioners’ attorneys, from which it may be inferred that petitioners’ counsel entertained the notion that an all-black jury would result in a more favorable verdict for their clients. In furtherance of this belief by petitioners’ counsel, as a part of their trial strategy, they have filed suit in a county in Alabama with a large black population, assumedly in the hope of obtaining a jury comprised entirely or mostly of blacks. Be that as it may, the trial court expressly found that the intended result of this “strategy” (i.e., an all-black jury) does not result in inherent unfairness:
“The court does not find that the mere fact that a jury may be composed entirely of one race is inherently unfair.”
We agree with this finding. Therefore, absent some specific showing of bias, or prejudice against Seaboard, or in favor of petitioners, on the part of the black jurors actually selected or of the black community in Macon County, neither this purported trial strategy nor the implied concomitant expectation of petitioners’ counsel to receive “a more favorable verdict at the hands of an ‘all-black jury,’ ” can sustain a change of venue in this case due to bias or prejudice in Macon County.
Suppose, for example, an attorney in a particular case believes, for whatever reason, that his client will fare better at trial if he can strike a jury comprised of all, or mostly all, middle-aged male “blue-collar” workers, and, by selecting a county in which a large number of heavy industries are located and where venue is otherwise proper, he can achieve this desired result. Can we say, on this basis alone, that the opposing party can obtain a change of venue without a showing of some actual bias or prejudice in that county against the moving party? We think not.
Clearly, what a particular attorney believes will result in a more favorable outcome for his client, or the particular trial strategy employed in furtherance of that belief, has no bearing whatsoever on the question of whether or not the opposing party can obtain a fair and impartial trial in a particular county. Indeed, in order to make a showing of unfairness on that basis, the movant must present evidence that the particular belief or strategy employed actually results in bias or prejudice against the movant, rendering a fair and impartial trial in a given county impossible. There was no such showing in this case.
If one concludes that an all-black jury is not inherently prejudicial, and there has been no showing of actual bias or prejudice on the part of blacks in Macon County against Seaboard, then the facts shown in this case (i.e., that an all-black jury has been struck and petitioners’ counsel have made statements from which one may conclude that they believe such a jury would be more favorable) do not support the motion for change of venue. To conclude otherwise is a non sequitur. We, therefore, hold that the trial court abused its discretion by granting the change.
As another basis for upholding the trial court’s order transferring venue, Seaboard argues that the strike system, as it has been used with respect to the resulting racial composition of juries in Macon County, is unconstitutional. The trial court, however, found it unnecessary “to question the constitutionality of the strike process.” Seaboard, in its role as respondent in these proceedings, has not challenged the cor *1103 rectness of this determination by the trial court. Nor could Seaboard have raised this issue by cross-petition, since the trial court ruled in Seaboard’s favor on its change of venue motion. Therefore, the issue as to the constitutionality of the strike process is not present for review by this Court in these mandamus proceedings.
Further, we find no merit in Seaboard’s contention that, in this case, the influence petitioners’ local counsel has in Macon County is sufficient to sustain the trial court’s order. The record is totally devoid of any evidence of bias or prejudice on the part of any of the veniremen in favor of petitioners’ local counsel; nor is there sufficient evidence showing that the good reputation and high standing petitioners’ local counsel enjoys is so pervasive as to indicate probable prejudice. Braswell v. Money, supra.
For the foregoing reasons, we hold the writ of mandamus must be granted in each of these eases.
WRITS GRANTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
ADAMS, J., not sitting.

. Section 6-3-20 provides in pertinent part:
"Either party to a civil action may move the court to change the venue at any time before final trial, making affidavit that for causes set forth, he cannot have a fair and impartial trial in the county where the action is pending."

. This conclusion is further evidenced by the following statements made by the trial court from the bench at the hearing on the motion:
"And I don’t like the matter of the forum shopping in general that goes on in these cases. Nevertheless, I'm bound by the law about that. However, when anyone introduces as in the context of this letter and in the context of this lawsuit, it is clear to me that there is no intention that the railroad could get a fair trial. I want to note in passing that Macon County has absolutely nothing to do with this case, no interest whatsoever. Not one citizen in Macon County is affected by this case. The cases don’t belong in Macon County by any stretch of the imagination. My job is not to make the law, but my job is to see to it that everybody that comes before this Court gets a fair trial.”

. Section 6-3-7 provides in pertinent part:
"A foreign corporation may be sued in any county in which it does business by agent....”