*1167 Members of the House of Representatives
Alabama State House
Montgomery, Alabama
Dear Representatives:
We have received House Resolution 384, which requests an advisory opinion on the question concerning the provision in House Bill 874 for the exemption of certain nursing homes operated through the department of Veterans’ Affairs from the certificate of need process of the State Health Planning and Development Agency (SHPDA). Specifically, you requested that this Court resolve the apparent conflict between Alabama Code 1975, § 22-21-260, providing that the term “health care facility” does not include veterans’ nursing homes operated by the Department of Veterans’ Affairs (so that nursing homes operated by the Department of Veterans’ Affairs would not be subject to the certificate of need process) and Alabama Code 1975, § 31-5A-11, providing that state veterans’ homes shall be subject to SHPDA’s certificate of need process.
As a general rule, the Justices do not issue advisory opinions unless requested to do so by the Governor or by the Legislature while in session and unless the request is related to a pending bill. However, where matters of great public concern are involved requiring immediate resolution, the Court sometimes makes exceptions. The issuing of Advisory Opinions is among the most difficult tasks the Justices are asked to perform, because, by their very nature, they present questions in the abstract, without the benefit of a factual context developed after a full adversary trial. Also, frequently, the Justices are not aided by briefs presenting the applicable law and argument on each side of the issue. Such is not the case here. Able lawyers have briefed and argued the issue that is the subject of this Advisory Opinion resolution from the House of Representatives, and there is no dispute on the facts. All agree that the Alabama Department of Veterans’ Affairs has obtained all Federal Government approval necessary to construct two new veterans’ nursing homes in Alabama and that these nursing homes will be operated by the Alabama Department of Veterans’ Affairs. If the Department of Veterans’ Affairs is required to conduct a certificate of need process, then the projects will be lost, because that process cannot be completed before the expiration of the Federal Government’s commitment to the project.
Therefore, the question is not made moot by the fact that the Alabama State Legislature ended its term without passing House Bill 874. House Bill 874 raised the problem of the conflict between the two statutes in light of the pending approval and funding issues involved in constructing a nursing *1168 home operated by the Department of Veterans’ Affairs and located in north Alabama. The funding issues and approval contingencies required in the certificate of need process that prompted consideration of House Bill 874 still remain. Moreover, the apparent conflict between Alabama Code 1975, § 22-21-260 and § 31-5A-11, which led to the introduction of Bill 874, still remains.
Section 22-21-260 provides, in pertinent part: “The term ‘health care facility’ shall not include ... veterans nursing home[s] operated by the department of veteran affairs.” Chapter 5A of title 31 of the Alabama Code 1975, §§ 31-5A-1 through 31-5A-11, provides for “state veterans’ homes” to meet the “need for health, nursing, medical, rehabilitative and related housing structures” for veterans as defined in that chapter. Alabama Code 1975, § 31-5A-1. The text of § 31-5A-11 reads as follows:
“Any home in addition to the one located in Alexander City, Alabama, or any proposed new service or proposed change of service or any requirement then deemed applicable shall be subject to the certificate of need process, the department of public health division of licen-sure and certification and any and all review and approval processes, criteria, statutory and administrative rules and regulations then applicable to any proposed privately-owned and/or operated nursing home facility or health care provider seeking to operate in Alabama. All state veterans’ nursing homes, domicili-aries, hospitals or any other health related activities shall be subject to all the rules and regulations governing and controlling the operation of a privately-owned facility or provider of health services in the state of Alabama.”
(Emphasis supplied.)
In resolving the apparent conflict between these provisions, we note that these statutes must be construed in pari materna in light of their application to the same general subject matter. Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977); Kelly v. State, 273 Ala. 240, 139 So.2d 326 (1962). Our obligation is to construe these provisions “in favor of each other to form one harmonious plan,” if it is possible to do so. Ex parte Coffee County Comm’n, 583 So.2d 985, 988 (Ala.1991) (quoting League of Women Voters v. Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974)).
A close reading of Chapter 5A of Title 31 indicates that the legislature distinguished between the terms “state veterans’ home” and “state veterans’ nursing home.” As defined in § 31-5A-1, a state veterans’ home provides for a wide range of medical, rehabilitative, and general housing care. As defined, a “state veterans’ home” fits within the definition of “health care facility” in Alabama Code 1975, § 22-21-260(5). This is a much broader definition than that of a nursing home designed to provide care for the aged.
Alabama Code • 1975, § 31-5A-11, provides that a “state veterans’ home” is subject to the certificate of need process. Specifically, it provides:
“Any home in addition to the one located in Alexander City, Alabama, or any proposed new service or proposed change of service or any requirement then deemed applicable shall be subject to the certificate of need process, the department of public health division of licen-sure and certification and any and all review and approval processes, criteria, statutory and administrative rules and regulations then applicable to any proposed privately-owned and/or operated nursing home facility or health care provider seeking to operate in Alabama.”
The statute then addresses “state veterans’ nursing homes” and provides that all
“state veterans’ nursing homes, domicili-aries, hospitals, or any other health related activities shall be subject to all the rules and regulations governing and controlling the operation of a privately-owned facility or provider of health services in the state of Alabama.”
Among the rules governing health care providers at the time § 31-5A-11 became effective was the provision in § 22-21-260(5) that a “health care facility” subject to the certificate of need process did not *1169 include a “veterans nursing home operated by the department of veterans affairs.”
The legislation makes a distinction between a “veterans’ home” and a “veterans’ nursing home.” If there were no distinction, there would be no need to address each of them separately. The legislation did address them separately, however, and specifically made the latter subject to the provisions of § 22-21-260, which, at the time of the enactment of § 31-5A-11, expressly exempted veterans’ nursing homes administered by the Department of Veterans’ Affairs from the certificate of need process. Thus, § 31-5A-11 can be construed as an expression of legislative intent to retain the exemption for nursing homes operated by the Department of Veterans’ Affairs provided by § 22-21-260.
It follows that § 22-21-260 and § 31-5A-11 are not in conflict. Section 31-5A-11 makes “state veterans’ homes” subject to the certificate of need process, while making “state veterans’ nursing homes” subject to the rules governing health care providers generally, including § 22-21-260, which specifically exempts state veterans’ nursing homes. Under this construction, a “state veterans’ nursing home” is not subject to the certificate of need process. We note further that this construction of these statutes also follows SHPDA regulation 410-l-2-.05(2)(c), which continues to exempt nursing homes operated by the Department of Veterans’ Affairs from the certificate of need process.
Accordingly, we conclude that the provisions of § 22-21-260 and § 31-5A-11, Ala. Code 1975, are not in conflict and should be construed in harmony, as discussed above. QUESTION ANSWERED.
Respectfully submitted
SONNY HORNSBY Chief Justice
JANIE L. SHORES
OSCAR W. ADAMS, Jr.
HENRY B. STEAGALL, II
KENNETH F. INGRAM Justices