The plaintiffs, Louise M. Blair and Thomas W. Blair, appeal from a judgment based on directed verdicts as to three of their claims against the defendant, Container Corporation of America ("Container").
Underlying this appeal are the following facts:
L.V. Mosley, the father of the plaintiff Louise Blair, died intestate in 1982. Louise Blair and her two brothers, as Mosley's heirs-at-law, inherited, inter alia, a large tract of timberland. The property was divided among the heirs, and Louise Blair conveyed her portion of the timberland, jointly with right of survivorship, to herself and the plaintiff Thomas M. Blair. Before this conveyance, however, Louise Blair had worked out an agreement with her brothers whereby the timber on the whole of the property would be sold by the Mosley estate to the highest bidder, with the proceeds divided among the heirs. The highest bidder was the defendant, Container, which contracted with the Mosley estate to log the property and remove "all merchantable hardwood trees and timber and all pine trees and timber 14 inches and larger in diameter at a 6 inch stump." Container does not dispute that this language prohibited it from cutting or removing any tree of less than 14 inches in diameter at a 6-inch stump.
The Blairs allege that Container removed approximately 404 trees that were smaller than the contract permitted. The Blairs also allege that Container otherwise damaged their portion of the timberland. The Blairs sued Container, claiming: (1) that it had committed a trespass to the Blair land "for the unauthorized cutting of timber"[1]; (2) that it had committed a conversion by wrongfully taking "timber less than 14 inches in diameter"; (3) that it had committed a "wrongful taking" on the same basis; (4) that it had breached its contract by a "failure to use good forestry practices," resulting, they claimed, in damage to the Blair property; and (5) that it had breached its contract by "removing timber less than 14 inches in diameter."
Container moved for, and was granted, directed verdicts as to the Blairs' claims of trespass, conversion, and "wrongful taking." A jury found in favor of Container as to the breach of contract claims. The court entered a judgment based on the directed verdicts and the jury's verdict. On appeal, the Blairs argue that the trial court erred in directing the verdicts. They raise no issue as to the *Page 921 
propriety of the jury's verdict in favor of Container on both breach of contract claims.
Because we hold that any error in directing the verdicts would have been harmless error, we do not address the merits of the Blairs' arguments as to those directed verdicts. See Ala.R.App.P. 45.
The trespass, conversion, and wrongful taking claims all depended on the same pivotal allegation, a factual allegation that was clearly rejected by the jury. Specifically, for the jury to find for Container on the breach of contract claim alleging that it had "remov[ed] timber less than 14 inches in diameter," the jury must have rejected the Blairs' allegation that Container had removed trees it had no contractual authority to remove, i.e., trees of less than 14 inches in diameter at a 6-inch stump. Stated differently, because the jury found against the Blairs as to an allegation on a breach of contract claim that was also an allegation at the heart of the conversion, trespass, and wrongful taking claims, the Blairs could not have prevailed on those claims had those claims been permitted to go to the jury.
The Blairs also argue, however, that the trial court erred in transferring this action to Butler County from Coffee County pursuant to the doctrine of forum non conveniens as codified at Ala. Code 1975, § 6-3-21.1. Section 6-3-21.1 permits a trial court to transfer a civil action from one appropriate venue to another appropriate venue "for the convenience of parties and witnesses, or in the interest of justice." Such transfers "are within the trial judge's discretion." Ex parte Canady,563 So.2d 1024, 1025 (Ala. 1990).
In transferring this case to Butler County, the trial court noted that the property was located in Butler County and noted the possibility that the jury would be called upon to view the property. The court noted also that the Blairs were residents of Jefferson County; it found that a majority of the witnesses were residents of Butler County;[2] and it noted that previous matters related to the Mosley estate and the timberland had been adjudicated in Butler County. The court concluded that "[t]his action has absolutely no relationship to Coffee County . . ., except that [Container] is a foreign corporation owning properties. . ., one of which is in . . . Coffee County, Alabama."
Given the foregoing, we are not persuaded that the trial court abused its discretion in transferring the case from Coffee County to Butler County.
We reject the Blairs' claim that the trial court erred by what the Blairs describe as its "refusal to allow Thomas Blair to explain details about what the [plaintiffs'] slides and photographs [of the property] portrayed." The plaintiffs had offered slides and photographs as exhibits. Assumingarguendo, that the issue raised in this respect was properly preserved for review, we note that "[i]t has been the traditional rule in Alabama that a lay witness can testify to facts which he observed but cannot testify to opinions, conclusions, deductions or inferences which are based upon facts." C. Gamble, McElroy's Alabama Evidence, § 127.01(1) (4th ed. 1991). The instances in which the trial court limited Thomas Blair's testimony were numerous, and in the interest of brevity we do not discuss each such instance. Suffice it to say that as to these instances the record indicates that Thomas Blair's responses to questions about his observations (as demonstrated in slides and photographs of the property), reveal some tendency to respond with inadmissible opinion testimony.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON, KENNEDY and COOK, JJ., concur.
[1] The Court emphasizes that the trespass claim was premised on the logging of undersized trees. It is the Blairs' contention that "[w]hen Container intentionally cut, or caused to be cut, the pine trees of the Blairs that were clearly outside Container's license to do so, a trespass to realty was committed. . . . Container . . . trespassed upon the . . . property of the Blairs by forcefully cutting, or causing to be cut, pine trees which it had no right to cut."
[2] The Blairs take issue with this factual finding, but the contention that a majority of the witnesses were not from Butler County is stated in the Blairs' brief as a bare allegation and, therefore, we do not address it. *Page 922