718 So.2d 658 (1998)
Ex parte FIRST FAMILY FINANCIAL SERVICES, INC.
(Re Margaret RAMSEY
v.
FIRST FAMILY FINANCIAL SERVICES, INC.
1961134.
Supreme Court of Alabama.
June 19, 1998.
Richard H. Gill and J. Fairley McDonald III of Copeland, Franco, Screws & Gill, P.A., Montgomery; and R. Carlton Smyly of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for petitioner on original submission.
J. Fairley McDonald III of Maynard, Cooper & Gale, P.C., Montgomery; R. Carlton Smyly of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham; and Richard H. Gill of Copeland, Franco, Screws & Gill, P.A., Montgomery, for petitioner on application for rehearing.
Charles A. McCallum III and Charles M. Elmer of Campbell & Waller, L.L.C., Birmingham, for respondent.

On Application for Rehearing
MADDOX, Justice.
The opinion of March 20, 1998, is withdrawn, and the following is substituted therefor.
This case presents a question concerning the application of Alabama's forum non conveniens statute, § 6-3-21.1, Ala.Code 1975. Because the trial court applied that statute in conformity with earlier decisions of this Court that we overrule today, we issue the writ of mandamus.
*659 In September 1996, Margaret Ramsey[1] filed a putative class action in the Marengo County Circuit Court, alleging that the defendant, First Family Financial Services, Inc. ("First Family"), had committed fraud by engaging in a practice known as "flipping." "Flipping" occurs when a lender requires a borrower in need of additional funds to refinance an existing loan rather than allowing the borrower to take out a new, separate loan. Ramsey also alleged that First Family breached its contract with her by requiring her to refinance her loan rather than allowing her to pay it off.
On October 21, 1996, First Family moved to transfer the cause to Dallas County under the provisions of § 6-3-21.1, Ala.Code 1975, the forum non conveniens statute. Section 6-3-21.1 provides, in part:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action ... to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.)
First Family alleged, in part, that "this case [was] filed in a county where [Ramsey does not live], where the defendant has no office, and which has no relationship whatsoever to [Ramsey] or [her] claims." Ramsey, responding to the motion to transfer, did not dispute First Family's allegations that she did not live in Marengo County; she based her argument that she should be allowed to maintain the action in Marengo County primarily upon the proposition that "[t]ransfers under § 6-3-21.1 are within the discretion of the trial judge ... [and that a] trial court [should] give deference to the plaintiff's choice of venue, and in order to justify a transfer, the party seeking the transfer has the burden of proving that a trial in the other county would be significantly more convenient than trial in the county in which the action was filed," citing Ex parte Prudential Ins. Co. of America, 675 So.2d 856 (Ala.1996).
The trial judge denied First Family's motion to transfer, on February 19, 1997. First Family subsequently filed this petition for a writ of mandamus directing the trial judge to transfer the case. The legal issue presented is whether, under facts such as those presented here, this Court should compel a trial judge to transfer the case to another county under § 6-3-21.1, Ala.Code 1975.
The facts, briefly stated, are that the plaintiff has never lived in the forum county. No transaction between the plaintiff and the defendant ever occurred there. The defendant has no office, employees, or documents in the forum county. Although the trial judge has much discretion in such matters, we hold that, under facts such as those presented here, "the interest of justice," as contemplated by the Legislature, would be served by transferring the case to a more convenient forum. Therefore, we direct the trial court to transfer the case under the provisions of § 6-3-21.1. We reach that conclusion for the following reasons: (1) the Legislature, not this Court, determines venue, and (2) in adopting § 6-3-21.1, the forum non conveniens statute, the Legislature clearly intended that actions such as this one should be transferred.
Under the venue system established by the Legislature, the plaintiff has the initial choice of venue in an action against a domestic corporation; the plaintiff may sue in "any county in which [the corporate defendant] does business by agent or was doing business by agent at the time the cause of action arose." § 6-3-7, Ala.Code 1975.[2] Reading that section in isolation, one would not discern that the Legislature intended to limit the plaintiff's choice of forum. However, § 6-3-7 must be read in pari materia with other Code sections dealing with the same subject, i.e., venue. Opinion of the Justices No. 334, 599 So.2d 1166 (Ala.1992); Locke v. Wheat, 350 So.2d 451 (Ala.1977); *660 Kelly v. State, 273 Ala. 240, 139 So.2d 326 (1962). Further, "[s]tatutes should be construed together so as to harmonize the provisions as far as practical." Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala.1991), citing Siegelman v. Folmar, 432 So.2d 1246 (Ala. 1983). Accordingly, we must read § 6-3-7 in pari materia with § 6-3-21.1. We now consider what § 6-3-21.1 requires.
The Legislature adopted § 6-3-21.1 by Act No. 87-181, Ala. Acts 1987, a part of the "tort reform" package considered and adopted by the Legislature that year. The Legislature's adoption of this section came after this Court decided Ex parte Shepherd, 481 So.2d 1098 (Ala.1985). In Shepherd, employees of Seaboard Coast Line Railroad Company sued the railroad in Macon County, seeking damages based on alleged on-the-job injuries. The railroad moved for a change of venue, arguing that it could not receive a fair trial in Macon County. The trial court transferred the cases; this Court subsequently issued a writ of mandamus to undo the transfers, holding that it was improper to transfer the actions.
Through its adoption of § 6-3-21.1, the Legislature has substantially modified the law relating to the venue of civil actions that was in effect when this Court decided Shepherd. Shortly after the adoption of the 1987 tort reform legislation, including § 6-3-21.1, the Governor's special counsel on tort reform wrote, regarding this provision:
"The ability to transfer cases within Alabama for the convenience of parties and witnesses and in the interest of justice was denied Alabama courts prior to passage of Alabama Code section 6-3-21.1 in this tort reform effort. Courts are now required to transfer a case to a county in which the case originally might have been filed if the convenience of the parties and witnesses or the interests of justice so dictate. Although the statute uses the mandatory term `shall,' judicial discretion will necessarily be involved in considering factors of convenience and the interest of justice.
"As introduced, the forum non conveniens proposal referred only to a `change' of venue. Although the Alabama Constitution grants courts the power to `change' venue, existing statutes speak in terms of both a `change' and a `transfer' of venue. One `change' of venue for cause is permitted to any party, while a defendant may move for `transfer' of venue as provided in the Alabama Rules of Civil Procedure. Those who drafted section 6-3-21.1 were of the view that venue was `changed' and actions were `transferred,' a view apparently shared by those who drafted Alabama Rule of Civil Procedure 82. During the course of Senate debate, the reference was expanded to include `change or transfer' of venue. The language was altered to insure that section 1(b), which specified the new right, was considered cumulative to previously existing rights."
Robert D. Hunter, Alabama's 1987 Tort Reform Legislation, 18 Cumb. L.Rev. 281, 289-90 (1988).
The plaintiff argues that a trial judge has almost unlimited discretion in such matters. Her argument, however, must be considered in light of the fact that the Legislature used the word "shall" instead of the word "may" in § 6-3-21.1. The trial judge has a degree of discretion in determining whether the factors listed in the statute, i.e., "the convenience of parties and witnesses" and "the interest of justice," are in favor of transferring the action. This Court will reverse the trial court's ruling in this regard only upon a showing of an abuse of discretion.
We conclude that the Legislature, in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when "the interest of justice" requires a transfer.
"[W]hen the trial judge determines that a plaintiff is guilty of `forum shopping' and that the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the statute provides that the trial court `shall' transfer the cause. What has the Supreme Court of the United States said about `forum shopping' ... ? That Court has stated that because plaintiffs are allowed a choice of forum by statute, a *661 plaintiff may be `under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.' Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). In another case, the United States Supreme Court, applying the forum non conveniens doctrine, said a transfer under that doctrine is proper when:
"`an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish ... oppressiveness and vexation to a defendant... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."'

"Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981), quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518 [522-26], 67 S.Ct. 828, 831-32, 91 L.Ed. 1067 (1947).
"... [A] defendant moving for a transfer under the doctrine of forum non conveniens has the initial burden of showing that the selected forum is inconvenient. The United States Supreme Court, in the Gulf Oil case, addressed this issue and discussed the competing private and public interests involved:
"`Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcement of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
"`Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.'
330 U.S. [at] 508-09, 67 S.Ct. at 843. For a discussion of the issue presented here, see, `Review and Appeal of Forum Non Conveniens and Venue Transfer Orders,' 59 Geo.Wash.L.Rev. 715 (1991).
"... [T]he legislature, by adopting the forum non conveniens statute, which allows the transfer of an action that has been filed in a proper forum, intended to promote the concept of fairness and justice and to provide trial judges with the power to transfer a case, if the trial judge, in the exercise of broad discretion, determines that, in the words of the legislation, `the interest of justice' requires it. Blair v. Container Corp. of America, 631 So.2d 919, 921 (Ala.1994); Ex parte Canady, 563 So.2d 1024, 1025 (Ala.1990)."
Ex parte Gauntt, 677 So.2d 204, 221-22 (Ala. 1996) (Maddox, J., dissenting).
First Family had the initial burden of showing that the private- and public-interest factors involved in this case weighed heavily against litigation in the forum the plaintiff selected, but we believe First Family met that burden. "The question of proper venue is to be determined as of the time the *662 action is filed." Elmore County Comm'n v. Ragona, 540 So.2d 720, 725 (Ala.1989). It is undisputed that, at the time of filing, First Family maintained no office, and kept no documents, in Marengo County. Ramsey did not live in Marengo County. No meetings between First Family and Ramsey had occurred in Marengo County. In fact, all meetings between Ramsey and employees of First Family had occurred in Dallas County, in which First Family's office is located and where First Family desires to have the case transferred.
Under the facts of this case, we conclude that First Family is entitled to an order transferring the action to Dallas County. Although we recognize that a plaintiff should be given great latitude in choosing a forum, we also recognize that one of the reasons the Unified Judicial System was established, and one of the reasons the Legislature adopted § 6-3-21.1, was to promote "justice." We believe it clear, under the facts of this case, that "the interest of justice" requires that it be transferred. Accordingly, we hold that it was an abuse of discretion for the trial judge to deny the motion for the transfer. We grant the petition for the writ of mandamus; the trial court is directed to vacate its order denying the motion to transfer, and to grant the motion to transfer the action to the Dallas Circuit Court.
To the extent that earlier cases of this Court, including, among others, Ex parte Associates Financial Services Co. of Alabama, Inc., 705 So.2d 836 (Ala.1997); Ex parte The Prudential Insurance Co. of America, supra; Ex parte Gauntt, supra; and Ex parte Serra Chevrolet, Inc., 674 So.2d 522 (Ala.1995), are inconsistent with this opinion, those cases are overruled.
OPINION OF MARCH 20, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; PETITION GRANTED.
HOOPER, C.J., and HOUSTON, SEE, and LYONS, JJ., concur.
ALMON, SHORES, KENNEDY, and COOK, JJ., dissent.
COOK, Justice (dissenting).
I respectfully dissent. The issue in this case is whether a corporate defendant in a class action filed in Marengo County, where the corporation does business, may, "in the interest of justice," pursuant to Ala.Code 1975, § 6-3-21.1,[3] compel by a writ of mandamus, transfer of the action to Dallas County, when the defendant argues, because Marengo County was not the county of the plaintiff's residence or the site of the alleged wrongs or harm, that the plaintiff "more probably than not" chose Marengo County for purposes of forum shopping. I would answer that question in the negative.
First Family contends in this case that the phrase "interest of justice" requires a judicial analysis separate and distinct from a consideration of the convenience of the parties. Specifically, it argues that the phrase "necessarily reaches to forum shopping and judge shopping." Brief in Support of Application for Rehearing, at 3. The essence of this argument is that in the absence of a positive showing by the plaintiff of a "connection between the forum county, the plaintiff, the plaintiff's claims and alleged harm or injuries, and the defendant," id. at 6, forum shopping would be presumed and the trial judge would have a duty "in the interest of justice"to transfer the case to a forum chosen by the defendant.
To its credit, the majority does not adopt this reasoning in toto. Nevertheless, much of it is reflected in the majority's holding.
The problem is that the phrase "interest of justice" is an amorphous, catch-all term, capable of various meanings. Whenever it appears in a statute, however, it inherently "imports the exercise of discretion by a court." Bernstein v. Strammiello, 202 Misc. 823, 830, 120 N.Y.S.2d 490, 497 (Sup.Ct.1952).
*663 "[I]t follows that such exercise should not be disturbed merely because it is deemed that it was `improvident.'" Id.
More specifically, the pertinent language of § 6-3-21.1 is nearly identical to that of the "federal venue transfer statute," namely, 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." (Emphasis added.) Of course, transfer under § 1404(a) is discretionary. American Dredging Co. v. Miller, 510 U.S. 443, 449, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 23, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (section 1404(a) "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness").
The argument made by First Family and the approach taken by the majority could be understood as linking the phrase "in the interest of justice" specifically to the concept of forum shopping, and, through a forced statutory construction based on that linkage, as divesting trial courts of the discretion they have been afforded by the Legislature. For these reasons, I respectfully dissent.
ALMON and SHORES, JJ., concur.
NOTES
[1] In the initial stage of this litigation, Ethel McCoy was also listed as a named plaintiff. She was removed as a named plaintiff on October 24, 1996.
[2] The roots of § 6-3-7 may be traced to § 2642, Code of 1886, which provided that "[a] foreign or domestic corporation may be sued in any county in which it does business by agent."
[3] Section 6-3-21.1 provides in pertinent part:

"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed...."
(Emphasis added.)