COBB, Chief Justice
(dissenting).
Because I dissented in Ex parte Indiana Mills & Manufacturing, Inc., 10 So.3d 536 (Aa.2008), I respectfully dissent in this case. In Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998), after noting that Ala.Code 1975, § 6-3-21.1, the forum non conveniens statute, contained the mandatory term “shall” instead of the permissive term “may,” this Court stated:
“The trial judge has a degree of discretion in determining whether the factors listed in the statute, i.e., ‘the convenience of the parties and witnesses’ and ‘the interest of justice,’ are in favor of transferring the action. This Court will reverse the trial court’s ruling in this regard only upon a showing of an abuse of discretion.”
718 So.2d at 660. In the intervening 12 years since this Court made that statement, I believe that subsequent decisions of this Court have seriously eroded this “degree of discretion.”
In some instances, the facts concerning venue are so clear-cut that a change of venue “in the interest of justice” is justified and there is little to no room for discretion in making that decision. For example, in Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala.2008), a vehicle being operated by an Escambia County resident collided in Escambia County with a vehicle being operated by a Clarke County resident. The Escambia County resident pleaded guilty in an Escambia County court to reckless driving. Subsequently, the Clarke County resident sued the Escambia County resident and McKenzie Oil Company in the Barbour Circuit Court, seeking damages under the Dram Shop Act, Aa.Code 1975, § 6-5-71. Barbour County’s only connection to the case was that McKenzie Oil, the owner of the convenience store, located in Escambia County, that purportedly sold the allegedly intoxicated Escambia County resident alcohol, was headquartered in Barbour County. This Court held, and I believe correctly, that this small nexus between Barbour County and the facts of the case required that the case be transferred to Escambia County in the interest of justice under Ma.Code 1975, § 6-3-21.1.
The facts presented in this case, however, are not as cut and dry. Unlike in McKenzie Oil, where the county seats of the two jurisdictions in question were some 139 miles apart, the two courthouses in question here are a mere 19 miles apart. It further appears that witnesses are located not only in Elmore County, but also in Montgomery County and Autauga County. In situations like this, I believe it is best to allow the trial court the “degree of discretion” to determine whether to transfer the action.