INGRAM, Justice.
Debbie Mann[1] filed this medical malpractice action against the Health Care Authority of the City of Huntsville (“Huntsville Hospital”) and Rosie Williams, a nurse at the *942 hospital. She alleges that nurse Williams gave her an injection in her right buttock and that she was injured as a result. Ms. Mann asserted negligence and wantonness claims against nurse Williams and Huntsville Hospital. She also alleged that Huntsville Hospital had negligently failed to properly train, observe, and supervise its nurses regarding proper injection procedures.
The trial court directed a verdict for Huntsville Hospital on Mann’s claim concerning the training, observing, and supervising of its nurses, based on Mann’s failure to present expert testimony concerning the proper standard of care for the hospital to meet in training, observing, and supervising nurses in regard to proper injection procedures. It held that Huntsville Hospital’s manual concerning proper injection procedures would not suffice as a substitute for the expert testimony required on this issue. Mann’s negligence and wantonness claims against nurse Williams, as well as her claim seeking to impose vicarious liability on Huntsville Hospital, were submitted to the jury. The jury returned a verdict in favor of Huntsville Hospital and nurse Williams on all claims. Mann moved for a new trial, arguing (1) that the trial court erred in directing the verdict for Huntsville Hospital and (2) that the jury’s verdict was against the great weight of the evidence. The court denied Mann’s motion, and she appealed.
Mann makes no argument here that the jury’s verdict was against the great weight of the evidence. Rather, she argues that the trial court erred in directing a verdict for Huntsville Hospital on her claim that the hospital had negligently failed to properly train, observe, and supervise its nurses in regard to the hospital’s internal guideline for administering shots.
However, we need not decide this issue because the jury found nurse Williams not liable and found the hospital not liable for any action by nurse Williams. The jury found either (1) that nurse Williams had complied with the required standard of care in administering the injection to Mann, or (2) that if nurse Williams did breach the standard of care in giving the injection, her breach did not proximately cause any injury to Mann.
Because the jury found no negligent act by nurse Williams causing any injury to Mann, it follows that the hospital cannot be held hable for any alleged negligence in training, observing, and supervising its nurses. Ala. Code 1975, § 6-5-80 et seq., the Alabama Medical Liability Act; Levesque v. Regional Medical Center Board, 612 So.2d 445 (Ala.1993). There simply is no actionable medical malpractice claim in this instance. Therefore, any error in directing the verdict for Huntsville Hospital would have been harmless, and we need not address Mann’s arguments regarding that directed verdict. See Ala.R.App.P. 45; Blair v. Container Corp. of America, 631 So.2d 919 (Ala.1994).
The judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, KENNEDY and COOK, JJ., concur.

. Debbie Mann's husband Jeff joined as a plaintiff, claiming loss of consortium, but on appeal he raises no issue concerning the trial court’s ruling on his claim.