725 So.2d 955 (1998)
Ex parte INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY et al.
(Re Mary L. White, individually and as administratrix of the estate of Henry Jordan, deceased; and Joe G. Young
v.
Independent Life and Accident Insurance Company et al.)
1971126.
Supreme Court of Alabama.
September 11, 1998.
Rehearing Denied November 20, 1998.
*956 E. Glenn Waldrop, Jr., and William H. Brooks of Lightfoot, Franklin & White, L.L.C., Birmingham, for petitioners.
Paul C. Williams, Tyrone C. Means, and James L. Richey of Thomas, Means & Gillis, P.C., Montgomery, for respondents.
MADDOX, Justice.
This petition for a writ of mandamus arises from the trial court's denial of the defendants' motion to transfer an action pursuant to § 6-3-21.1, Ala.Code 1975, the forum non conveniens statute.
Independent Life and Accident Insurance Company and three of its agents, defendants in an action pending in the Lowndes Circuit Court, petition for an order directing that court to vacate an order denying a motion to transfer the cause to the Montgomery Circuit Court. Because the facts of this case clearly show that the defendants are entitled to the relief authorized by the Legislature under the forum non conveniens statute, we grant the petition.
In August 1995, Mary White and her common-law husband Joe Young bought several life insurance policies from Independent Life. One of those was a $10,000 policy insuring the life of White's father, Henry Jordan; he died 13 months later. Upon Jordan's death, White and Young filed a claim for benefits under the policy. Independent Life told them that Jordan's policy had lapsed for failure to pay premiums and, therefore, that no benefits were due.
White and Young sued Independent Life and three of its agents. Their action, filed in the Lowndes Circuit Court, alleged breach of contract; bad-faith failure to pay an insurance claim; fraudulent misrepresentation; fraudulent suppression; fraud by deceit; conversion; negligent hiring, training and supervision; and negligence or wantonness. In their answer, each of the defendants objected to having the action tried in Lowndes County. Independent Life subsequently moved to transfer the action to Montgomery County under § 6-3-21.1, Ala.Code 1975.[1] The trial court denied that motion, and this petition followed.
In its motion to transfer, Independent Life set forth the following facts:
(1) The plaintiffs live in Montgomery County.
(2) Each of the policies at issue in this case was sold in Montgomery County. (3) All transactions involving these policies took place in Montgomery County.
(3) The three agents named as defendants work out of Independent Life's office located in the City of Montgomery, which is in Montgomery County.[2]
(4) Henry Jordan lived in Montgomery County, and he died at Columbia Regional Medical Center, in the City of Montgomery.

*957 (5) All nonparty witnesses live in Montgomery County.
In their brief to this Court, the defendants further point out that Independent Life maintains no office in Lowndes County.
One of the named defendants, Sonya Axel, lives in Lowndes County, but the materials before this Court indicate that Axel did not sell the plaintiffs any of the policies now at issue. Further, the defendants assert that Axel did not handle any of the premiums related to the plaintiffs' policies now at issue.
The question is not whether venue was proper in Lowndes County, but whether the trial court abused its discretion in denying the motion, made pursuant to § 6-3-21.1, to transfer the case to Montgomery County, where the plaintiffs reside and where the policies were sold.
Before we address our reasons for granting the mandamus petition, we point out that this Court's opinion in Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala. 1998), was released after the trial court had ruled on Independent Life's motion and after the parties had filed their briefs in this Court.
Our decision in First Family is controlling in this case. In First Family, this Court was presented with a strikingly similar set of facts: the plaintiff sued "`in a county where [the plaintiff] did not live, where the defendant has no office, and which has no relationship whatsoever to [the plaintiff] or [her] claims.'" 718 So.2d at 659. In this present case, all of the transactions at issue took place in Montgomery County; the plaintiffs live in Montgomery County; the three agents all work out of Independent Life's Montgomery office; and, based on what is before us, it appears that the one agent who lives in Lowndes County did not sell any of the policies at issue, and, at most, played a minor role in the events giving rise to this action. Furthermore, it appears that each of that defendant's conversations with the plaintiffs took place at their house in Montgomery County, not in Lowndes County. From what is before this Court, therefore, it appears that this case has no nexus with Lowndes County that would justify burdening that county with the trial of this case.
Based on the factual similarity of this case to First Family, we conclude that First Family, with its interpretation of § 6-3-21.1, Ala.Code 1975, controls. Accordingly, the Lowndes Circuit Court is directed to vacate its order of March 3, 1998, denying the transfer motion and is directed to transfer the pending action to the Montgomery Circuit Court.
PETITION GRANTED.
HOOPER, C.J., and HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
SHORES and COOK, JJ., dissent.
COOK, Justice (dissenting).
I respectfully dissent. I am now certain of what I suspected in Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala. 1998) (Cook, J., dissenting), namely, that a majority of this Court has begun reviewing change-of-venue cases de novo, on the basis of the "in the interest of justice" phrase appearing in Ala.Code 1975, § 6-3-21.1, the forum nonconveniens statute.[3] I stated in my dissent that case:
"[T]he phrase `interest of justice' is an amorphous, catch-all term, capable of various meanings. Whenever it appears in a statute, however, it inherently `imports the exercise of discretion by a court.' Bernstein v. Strammiello, 202 Misc. 823, 830, 120 N.Y.S.2d 490, 497 (Sup.Ct.1952). `[I]t follows that such exercise should not be disturbed merely because it is deemed that it was "improvident."' Id.

"More specifically, the pertinent language of § 6-3-21.1 is nearly identical to that of the `federal venue transfer statute,' namely, 28 U.S.C. § 1404(a), which states: `For the convenience of parties and witnesses, *958 in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.' (Emphasis added [in First Family].) Of course, transfer under § 1404(a) is discretionary. American Dredging Co. v. Miller, 510 U.S. 443, 449, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 23, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (section 1404(a) `is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness')."
718 So.2d at 662-63 (Cook, J., dissenting) (emphasis in First Family). Although the majority in this present case purports to consider "whether the trial court abused its discretion in denying [the defendant's] motion... to transfer," 725 So.2d at 957, it is clear to me that the abuse-of-discretion standard is not the one it applies.
Will this Court always better understand what is "in the interest of justice" than the trial court? It seems so, according to the majority in the last two change-of-venue cases we have decided. The majority has seized upon the phrase as the foundation of a new doctrine.
The facts of this case illustrate my point even better than the facts in Ex parte First Family. In that case, although the defendant did not assert that it did not do business in the forum county, "the plaintiff [had] never lived in the forum county. No transaction between the plaintiff and the defendant [had] ever occurred there," and "[t]he defendant [had] no office, employees, or documents in the forum county." 718 So.2d at 659.[4] In this present case, at least one of the defendants does live in the forum county and some of the defendants have "debit routes" that take them into the forum county.[5] Thus, the majority in this present case extends the rule it adopted in Ex parte First Family.
The Legislature did not include the phrase "in the interest of justice" as a means to provide appellate courts an excuse to review trial court orders de novo. Today's majority opinion directly opposes the will of the Legislature. For these reasons, I respectfully dissent.
SHORES, J., concurs.
NOTES
[1] The materials before this Court suggest that only Independent Life moved for a transfer, but the three agents have joined Independent Life as petitioners seeking the writ of mandamus. The plaintiffs make no issue of the fact that the three agents did not join Independent Life's motion to transfer.
[2] These transactions all took place either at the plaintiffs' home, at the deceased's home, or at Independent Life's office. All three are located in Montgomery County.
[3] Section 6-3-21.1 provides in pertinent part:

"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed...."
(Emphasis added.)
[4] The majority held that the "`interest of justice'... would be served by transferring the case to a more convenient forum." 718 So.2d at 659.
[5] In addition, I point out that the forum county is adjacent to the transferee county. In fact, the county seat of the forum county is approximately 20 miles from Montgomery, the seat of the transferee county. This Court has held that a distance of 35 miles from the seat of a forum county to the seat of the transferee county was "not so great that the trial court can be said to have abused its discretion" in refusing to transfer an action pursuant to § 6-3-21.1. Ex parte Moore, 642 So.2d 457, 461 (Ala.1994).