727 So.2d 788 (1998)
Ex parte NATIONAL SECURITY INSURANCE COMPANY
(Re Louise Smoke v. National Security Insurance Company, et al.)
1970718.
Supreme Court of Alabama.
October 23, 1998.
Rehearing Denied February 12, 1999.
Richard A. Ball, Jr., and Joana S. Ellis of Ball, Ball, Matthews & Novak, Montgomery, for petitioner.
Paul C. Williams, Tyrone C. Means, and James L. Richey of Thomas, Means & Gillis, P.C., Montgomery, for respondents Louise Smoke and Judge H. Edward McFerrin.
SEE, Justice.
This petition for the writ of mandamus arises from the trial court's denial of a motion to transfer an action pursuant to § 6-3-21.1, Ala.Code 1975, the forum non conveniens statute. National Security Insurance *789 Company ("National Security"), the defendant in an action pending in the Lowndes Circuit Court, petitions for a writ directing the circuit court to vacate its order denying the motion to transfer the cause to the Elmore Circuit Court. Because the facts of this case clearly show that National Security is entitled to the relief authorized by the Legislature under the forum non conveniens statute, we grant the petition.

I.
Louise Smoke, a resident of Elmore County, sued National Security in connection with one life insurance policy and two accident and health insurance policies that she had applied for and purchased in Elmore County. Smoke claims that she was charged, and paid, premiums on these policies during periods in which the policies were not in effect. The premiums were collected in Elmore County by various home service agents of National Security.
Smoke filed her complaint in the Lowndes Circuit Court in March 1997, alleging, among other things, breach of contract and fraud. National Security filed motions to dismiss or to transfer the action to the Elmore Circuit Court, based on improper venue and on the doctrine of forum non conveniens. The trial court denied the motions, holding that venue was proper in Lowndes County and that National Security had failed to meet its burden for invoking the doctrine of forum non conveniens.

II.
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).
In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, and adopted the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte First Family Fin. Services, Inc., 718 So.2d 658 (Ala. 1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala.1996) (Maddox, J., dissenting)).
This Court's recent decisions in First Family and Ex parte Independent Life & Accident Ins. Co., 725 So.2d 955 (Ala.1998), regarding the doctrine of forum non conveniens, are controlling in this case. In First Family, 718 So.2d at 662, the plaintiff filed the action in the Marengo Circuit Court and the defendant moved for a transfer to the Dallas Circuit Court. This Court stated:
"It is undisputed that, at the time of filing, [the defendant] maintained no office, and kept no documents, in Marengo County. [The plaintiff] did not live in Marengo County. No meetings between [the defendant] and [the plaintiff] had occurred in Marengo County. In fact, all meetings between [the plaintiff] and employees of [the defendant] had occurred in Dallas County, in which [the defendant's] office is *790 located and where [the defendant] desires to have the case transferred."
718 So.2d at 662. Under those circumstances, this Court held that the "interest of justice" required the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action. 718 So.2d at 662.
It is undisputed that at the time of filing National Security maintained no office, and kept no documents, in Lowndes County. Smoke did not live in Lowndes County. No meetings between National Security and Smoke occurred in Lowndes County. In fact, all meetings between Smoke and employees of National Security occurred in Elmore County, where National Security seeks to have the case transferred. Further, Smoke was treated in Elmore County for her alleged mental anguish arising from her dealings with National Security. All of Smoke's witnesses reside in Elmore County, and no witness for either party resides in Lowndes County. Under these circumstances, the "interest of justice" requires the transfer of the action from a county with little, if any, connection to the action, Lowndes County, to the county with a strong connection to the action, Elmore County.
Notwithstanding these facts, Smoke argues that the close geographical proximity of Lowndes County and Elmore County precludes a showing of the significant benefit of convenience that she argues is necessary before a transfer under § 6-3-21.1 is warranted. This argument ignores the words "interest of justice" as a basis for transferring an action. This language was included by the Legislature in § 6-3-21.1 and has been interpreted by this Court to require a transfer even between contiguous counties. In Independent Life, 725 So.2d at 957, this Court required the transfer from Lowndes County to Montgomery County of an action involving breach-of-contract and fraud allegations against an insurer. Although Lowndes County and Montgomery County are contiguous, this Court noted that the plaintiffs lived in Montgomery County, that all relevant transactions took place in Montgomery County, and that most of the witnesses lived in Montgomery County. 725 So.2d at 957. This Court concluded that the action had "no nexus with Lowndes County that would justify burdening that county with the trial of [that] case." 725 So.2d at 957. This Court then relied on First Family, 718 So.2d at 662, and, thus, the "interest of justice" factor of § 6-3-21.1, to require a transfer from Lowndes County to contiguous Montgomery County. Independent Life, 725 So.2d at 957.
Similarly, in this case, there is no witness, no document, no transaction, or anything else that would give the action a nexus with Lowndes County that would justify burdening that county with the trial of the case. Based on First Family and Independent Life, and their interpretation of § 6-3-21.1, we hold that the trial court abused its discretion in denying the motion to transfer this case from Lowndes County to Elmore County.[1]

III.
Accordingly, the Lowndes Circuit Court is directed to vacate its order of December 2, 1997, denying National Security's motion to transfer. The Lowndes Circuit Court is further directed to transfer the pending action to the Elmore Circuit Court.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, and LYONS, JJ., concur.
ALMON, SHORES, and COOK, JJ., dissent.
SHORES, Justice, dissenting.
I again express my view that this Court reads the forum non conveniens statute (§ 6-3-21.1, Ala.Code 1975) too broadly. I do not believe that in enacting that statute the legislature intended to deprive a plaintiff of the traditional right to choose any appropriate venue to file his or her action. I believe the legislature intended to permit a trial court, in its discretion, to transfer a case *791 (even though filed in a proper venue) to another county only if the defendant produces evidence indicating that justice requires nullifying the plaintiffs choice of forum. By its construction of this statute in this and in other cases, a majority of this Court mandates that the trial court transfer a case merely on the motion of a defendant. I dissent.
ALMON, J., concurs.
COOK, Justice, dissenting.
I respectfully dissent. The reasons for my dissent are the same as those expressed in my dissents in Ex parte Independent Life & Accident Insurance Co., 725 So.2d 955 (Ala. 1998); and Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998).
NOTES
[1] Because we conclude that § 6-3-21.1, Ala. Code 1975, requires a transfer to Elmore County, we pretermit discussion of the application of §§ 6-3-5 and 6-3-7.