This petition for the writ of mandamus arises from the trial court's denial of the defendants' motion to transfer an action pursuant to §6-3-21.1, Ala. Code 1975, the forum non conveniens statute. Employers Modern Life Company (hereinafter "EML"), a defendant in an action pending in the Walker Circuit Court, petitions for a writ directing the circuit court to vacate its order denying the motion to transfer the cause to the Jefferson Circuit Court. Because the facts of this case clearly show that the defendants are entitled to the relief authorized by the Legislature under the forum non conveniens statute, we grant the petition.
Robert L. Ammons, a resident of Jefferson County, sued EML; AA American Insurance Agency (hereinafter "AA"); Carol Williamson; Johnny Roe; and several fictitiously named defendants, in connection with his purchase of a life insurance policy. Ammons contends that he purchased a $25,000 life insurance policy in reliance on representations by Roe and Williamson, who he alleges to be agents of EML and AA, that his regular payment of a $60 monthly premium over a 10-year period would, at the end of the 10-year period, result in his having a fully paid-up $25,000 life insurance policy for a 33 more years, with no further obligation to pay premiums. Ammons contends that he paid the premiums for the 10 years but that at the end of that 10-year period the defendants told him that if he stopped making premium payments he would receive only 23 more years of coverage, but that he could get 38 more years of coverage by paying premiums for an additional 2 years. He says he paid premiums for that additional two-year period, but that at the end of that two-year period the defendants told him he would be covered for only another 12 years (i.e., that, notwithstanding what he had been told, his payments for 12 years had purchased him 24 years' coverage). Thus, he says, he paid premiums in reliance on statements that he would receive 48 years' coverage, but that the defendants in fact provided him only 24 years' coverage.
On April 14, 1998, Ammons sued in the Jefferson County Circuit Court, alleging misrepresentation and suppression against all defendants and alleging against EML and AA wanton or negligent hiring, supervision, and retention of agents Williamson and Roe. On April 20, 1998, Ammons moved to dismiss his action without prejudice; the motion was granted and an order of dismissal was entered on April 30, 1998. On May 8, 1998, Ammons filed in the Walker County Circuit Court a complaint that was identical to the complaint he had filed in Jefferson County, except that the second complaint added a claim alleging breach of contract. EML filed a "Motion to Dismiss and/or Motion to Transfer," based on a claim of improper venue and on § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute. Section 6-3-21.1(a) states in pertinent part:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest *Page 435 
of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
EML moved to have the action transferred to Jefferson County. The trial court denied EML's motion on August 9, 1999, without stating any reasons or making any findings of fact.
This Court's decisions in Ex parte Family Financial Services, Inc.,718 So.2d 658 (Ala. 1998); Ex parte Independent Life Accident InsuranceCo., 725 So.2d 955 (Ala. 1998); and Ex parte National Security InsuranceCo., 727 So.2d 788, 789 (Ala. 1998), are controlling in this case. Those cases are strikingly similar to the present case, and each of them involved this Court's mandamus review of a trial court's order denying a motion for a change of venue.
 "The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). `When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."
National Security, 727 So.2d at 789.
In First Family, this Court thoroughly analyzed the forum nonconveniens statute and determined that the trial courts and this Court have "the power and the duty to transfer a cause when `the interest of justice' requires a transfer." 718 So.2d at 660. In that case, the plaintiff filed an action in the Marengo Circuit Court and the defendant moved for a transfer to the Dallas Circuit Court. This Court found that the "interest of justice" required the transfer, based on the following facts: When the action was filed, the defendant did not maintain an office or keep documents in Marengo County; the plaintiff did not live in Marengo County; no meetings between the defendant and the plaintiff had occurred in Marengo County; all meetings between the plaintiff and employees of the defendant had occurred in Dallas County; and the defendant's office was located in Dallas County. 718 So.2d at 662.
Similarly, in Independent Life, this Court required the transfer of an action alleging breach of contract and fraud in connection with the sale of a life insurance policy, from Lowndes County to Montgomery County, based upon these facts: All the plaintiffs lived in Montgomery County; each of the policies at issue was sold in Montgomery County; all transactions involving the policies took place in Montgomery County; the three agents named as defendants worked out of Independent Life's office located in Montgomery County; and the deceased had been a resident of Montgomery County and had died in Montgomery County. 725 So.2d at 956-57.
In National Security, this Court issued a writ of mandamus directing the trial court to transfer an action from Lowndes County to Elmore County, based on the following facts: When the action was filed, the defendant "maintained no office, and kept no documents, in Lowndes County"; the plaintiff "did not live in Lowndes County"; "[n]o meetings between [the defendant] and [the plaintiff] occurred in *Page 436 
Lowndes County"; "all meetings between [the plaintiff] and employees of [the defendant] occurred in Elmore County"; the defendant's office was located in Elmore County; the plaintiff "was treated in Elmore County for her alleged mental anguish"; all of the plaintiff's witnesses lived in Elmore County; and none of the witnesses for either party lived in Lowndes County. 727 So.2d at 790.
In this present case, the facts submitted in the defendants' motion to transfer and in the plaintiff's reply to that motion indicate the following: Ammons resides in Jefferson County, although his residence is close to the Walker County line. The policy of insurance that is the subject of Ammons's complaint was negotiated, purchased, and delivered in Jefferson County. All alleged representations about the insurance policy were made in Jefferson County. None of the alleged actions that form the basis of this case occurred in Walker County. The two individual defendants reside in Jefferson County, and AA has its place of business in Jefferson County. EML is incorporated in Iowa and has its principal place of business there. EML does business throughout the State of Alabama, including Walker County; however, Ammons does not allege that EML has an office in Walker County. All of the defendants' witnesses, except EML's out-of-state employees, live in Jefferson County.
Ammons does not allege that any of his witnesses are residents of Walker County or that any transaction relating to his lawsuit occurred in Walker County. Instead, Ammons contends that venue is appropriate in Walker County and that Walker County is a more convenient forum. Ammons contends that it is significantly more difficult for him to travel to the courthouse in Jefferson County than to travel to the courthouse in Walker County, even though they are roughly equidistant from Ammons's home. It takes Ammons approximately 25 minutes to drive to the Walker County courthouse at any time of the day, but it takes him approximately one hour to drive to the Jefferson County courthouse during rush hour. Ammons receives his mail at a Walker County address and conducts his business and shopping in Walker County. Ammons contends that his wife is expected to be called as a witness and that her mother lives on Ammons's property and is in fragile health. For that reason, Mrs. Ammons prefers to be as accessible to their home as possible. While these facts indicate that Walker County may be a more convenient forum for Ammons, none of these facts indicates any connection between the lawsuit and Walker County.
The question in this case is not whether venue was proper in Walker County, but whether the trial court abused its discretion in denying the motion, made pursuant to § 6-3-21.1, to transfer the case to Jefferson County, where the plaintiff resides and where the policy was sold. In First Family, Independent Life, and National Security, this Court held that, under the facts presented, the "interest of justice" required the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action. The present case is indistinguishable from those cases. Borrowing wording from National Security, we note that "there is no witness, no document, no transaction, or anything else that would give the action a nexus with [Walker] County that would justify burdening that county with the trial of the case." 727 So.2d at 790. Furthermore, the geographical proximity of Jefferson and Walker Counties does not affect our determination that the "interest of justice" requires a transfer. See National Security, supra. This Court has interpreted § 6-3-21.1
to require a transfer even between contiguous counties. IndependentLife, supra.
Based on § 6-3-21.1, as interpreted in First Family, IndependentLife, and National Security, we hold that the trial court abused its discretion in denying the motion to transfer this case from Walker *Page 437 
County to Jefferson County. Accordingly, the Walker County Circuit Court is directed to vacate its order of August 9, 1999, denying the transfer motion and to transfer the pending action to the Jefferson County Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Houston, See, Brown, and England, JJ., concur.