789 So.2d 830 (2001)
Ex parte MASONITE CORPORATION and International Paper Company.
(In re Anthony Hall Archibald v. Masonite Corporation and International Paper Company).
1991885.
Supreme Court of Alabama.
January 5, 2001.
Warren B. Lightfoot, Mac M. Moorer, Lee M. Hollis, and Kevin E. Clark of Lightfoot, Franklin & White, L.L.C., Birmingham, for petitioners.
James H. Starnes, Birmingham; and Jerry L. Thornton, Hayneville, for respondent.
LYONS, Justice.
Masonite Corporation and International Paper Company (collectively, "Masonite") are defendants in an action pending in the Lowndes Circuit Court. Eleven of the plaintiffs in that action reside in Madison County. Masonite moved the Lowndes Circuit Court to sever the claims of those 11 plaintiffs from the Lowndes County action and to transfer those claims to the Madison Circuit Court pursuant to § 6-3-21.1, Ala.Code 1975, the forum non conveniens statute. The court denied the motion. Masonite petitions this Court for a writ of mandamus directing the Lowndes Circuit Court to vacate its order denying the motion to sever the Madison County plaintiffs' claims and to transfer those claims to the Madison Circuit Court.[1] Because the facts of this case clearly show that Masonite is entitled to the relief authorized by the Legislature under the forum *831 non conveniens statute, we grant the petition and issue the writ.
On July 14, 1998, Anthony Hall Archibald and 41 additional plaintiffs filed an action in the Lowndes Circuit Court against Masonite Corporation and its current parent company International Paper Corporation. Their claims alleged fraud, suppression, post-sale fraud, breach of express and implied warranties, negligence, and wantonness. The plaintiffs essentially alleged that they had purchased Masonite siding products and that those products were defective and had failed to perform as they had been advertised and warranted. The plaintiffs claimed to have suffered damage resulting from diminution in the value of their homes, damage in the form of expenses incurred to repair and/or replace the siding, mental anguish, and other consequential loss or damage. Fifteen plaintiffs were dismissed by a joint stipulation. It appears that 11 of the 27 remaining plaintiffs live in Madison County. Nothing before this Court indicates the Lowndes County action is a class action.
In Ex parte National Security Insurance Co., 727 So.2d 788 (Ala.1998), this Court analyzed the process for dealing with a defendant's motion for a change of venue:
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). `When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).
"In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, and adopted the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
"`With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.'
(Emphasis added [in National Security].) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte First Family Fin. Services, Inc., 718 So.2d 658 (Ala.1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala.1996) (Maddox, J., dissenting)).
"This Court's recent decisions in First Family and Ex parte Independent Life & Accident Ins. Co., 725 So.2d 955 (Ala. 1998), regarding the doctrine of forum non conveniens, are controlling in this case. In First Family, 718 So.2d at 662, the plaintiff filed the action in the Marengo Circuit Court and the defendant *832 moved for a transfer to the Dallas Circuit Court. This Court stated:
"`It is undisputed that, at the time of filing, [the defendant] maintained no office, and kept no documents, in Marengo County. [The plaintiff] did not live in Marengo County. No meetings between [the defendant] and [the plaintiff] had occurred in Marengo County. In fact, all meetings between [the plaintiff] and employees of [the defendant] had occurred in Dallas County, in which [the defendant's] office is located and where [the defendant] desires to have the case transferred.'
718 So.2d at 662. Under those circumstances, this Court held that the `interest of justice' required the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action. 718 So.2d at 662."
727 So.2d at 789-90.
Nothing in the record available to this Court indicates that any of the Madison County plaintiffs have ever resided in Lowndes County or owned homes there that had Masonite siding. According to interrogatory answers provided by the plaintiffs, none of the architects, designers, builders, contractors, or persons who have performed service or repair work on any of the plaintiffs' homes is located in Lowndes County. The record before us does not indicate that any tangible evidence, or any witness, is in Lowndes County. It does not indicate that any of the Madison County plaintiffs purchased any Masonite products in Lowndes County. In sum, this discrete group of 11 plaintiffs has no ascertainable connection to Lowndes County. Further, the Madison County plaintiffs have not alleged that Masonite has any office or physical presence in Lowndes County. The record indicates no witness, no transaction, no document, or anything else that gives the Madison County plaintiffs' claims a nexus with Lowndes County. Furthermore, we are swayed by the fact that of the total number of plaintiffs remaining in the case, 40% of them are residents of Madison County.
The Madison County plaintiffs argue that the requested transfer would make two lawsuits out of one and thereby would defeat the goal of judicial economy. However, in our prior cases we have relied upon the "interest-of-justice" standard to transfer claims that had no nexus with the local forum. See Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 661 (Ala. 1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221-22 (Ala.1996) (Maddox, J., dissenting)). Public policy dictates that the Lowndes Circuit Court should not be burdened with adjudicating the claims of the 11 Madison County plaintiffs. We have also applied, as a standard for considering transfer requests, the convenience of the parties and witnesses. See Ex parte Employers Modern Life Co., 772 So.2d 433 (Ala.2000). To the extent that it might be appropriate for the jurors to view the properties, a transfer to the county where the houses are situated would permit a viewing. Both factors, the convenience of the parties and witnesses and the interest of justice, call for a transfer of the claims of the 11 Madison County plaintiffs.
The Lowndes Circuit Court is directed to vacate its order of May 23, 2000, denying Masonite's motion to sever the claims of the Madison County plaintiffs. It is further directed to sever those claims from the Lowndes County action and to transfer those claims to the Madison Circuit Court.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
*833 JOHNSTONE, Justice (concurring specially).
Theoretically the nexus of the claims of the Madison County plaintiffs with Lowndes County could be that most of the Madison County plaintiffs' liability witnesses, expert witnesses, and lawyers would be in Lowndes County trying the very same liability issues in the claims of the Lowndes County plaintiffs. While Masonite and International Paper argue to us that they plan to seek a separate trial for the claims of each of the plaintiffs, the mandamus materials submitted by Masonite and International Paper do not establish that they presented any such argument to the trial judge to prevent him from determining that the liability witnesses, expert witnesses, and lawyers for all of the Madison County plaintiffs and the Lowndes County plaintiffs, as well as for the two defendants, could conclude all of their work on all of the claims in one comprehensive proceeding in Lowndes County.
The Madison County plaintiffs (the respondents presently before us), however, have included no evidentiary materials with their answer and brief to establish such a sameness of witnesses. The respondents' only presentation to us to this effect is argument, contained in this one sentence:
"There is ... no question that the evidence relating to the claims of each plaintiff is substantially the same, particularly the evidence relating to manufacture and distribution of the siding, advertising by the defendants, the warranties of the defendants, and fraud by the defendant."
The convenience of the parties and witnesses in a forum non conveniens inquiry cannot be established by mere argument without proof or stipulation.
The evidentiary material submitted by the petitioners Masonite and International Paper consists of answers to interrogatories, which establish not only that the houses of the Madison County plaintiffs are located in Madison County but also that several named witnesses and several companies who or which participated in the construction or maintenance of houses are likewise located in Madison County. This state of the evidence before us is what defeats these respondent-plaintiffs' right to choose their forum.
NOTES
[1] Madison County is located in the northernmost part of the state, and Lowndes County is located approximately 200 miles away, in the south-central part of the state.