On Application for Rehearing

LYONS, Justice.
This Court’s opinion of July 21, 2006, is withdrawn, and the following is substituted therefor.
Verbena United Methodist Church (“VUMC”), one of the defendants in an action pending in the Montgomery Circuit Court, petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to enter an order transferring this case to the Chilton Circuit Court pursuant to § 6—3—21.1(a), Ala.Code 1975, the forum non conveniens statute. We grant the petition and issue the writ.

I. Factual Background

Gail Baker, a resident of Autauga County, filed this action in the Montgomery Circuit Court against VUMC; its pastor, Brian D. Cowley; and the Montgomery-Prattville District of the Alabama-West Florida Conference of the United Methodist Church (“the AWFC”). Cowley resided in Chilton County at all times pertinent to this case; he currently resides in Baldwin County. VUMC is located in Chilton County. The offices of the Montgomery-Prattville District of the AWFC are located in Montgomery County. Baker’s action alleges slander, invasion of privacy, and intentional infliction of emotional distress. Baker alleged in her complaint that she was a member of VUMC when Cowley was its pastor and that Cowley made false and defamatory statements about her to third persons and disclosed to third persons information she had told him in confidence. Baker further alleged that she was the subject of defamatory statements at a meeting of the administrative council of VUMC, that she sent a letter to a member of VUMC asking for help in “rectifying” the situation she believed Cowley had created, and that she sent letters to Cowley, VUMC, and the AWFC requesting an investigation and a retraction of the alleged defamatory statements. According to Baker, her letters were ignored.
All of the defendants filed motions to dismiss. After a hearing in December 2005, the trial court denied their motions on February 6, 2006. On or about February 22, 2006, both VUMC and Cowley filed motions to transfer the case to the Chilton Circuit Court on the basis of forum non conveniens pursuant to § 6—3—21.1. Without holding a hearing, the trial court denied their motions on March 6, 2006. VUMC timely petitioned this Court for a
*398 writ of mandamus. Cowley and the Montgomery-Prattville District of the AWFC have filed briefs supporting VUMC’s efforts to have the case transferred to Chil-ton County.

II. Standard of Review

“In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala.1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court’s review:
“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). “When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.” Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).
“ ‘In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, and adopted the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
“ ‘ “With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
“ ‘(Emphasis added.) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte Family Fin. Services, Inc., 718 So.2d 658 (Ala.1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala.1996) (Maddox, J., dissenting)).’ ”
Ex parte ADT Sec. Sews., Inc., 933 So.2d 343, 344-45 (Ala.2006).

III. Analysis

VUMC argues that it has a clear legal right under § 6-3-21.1 to have the case transferred to Chilton County.[1] It is undisputed that Chilton County is an appropriate venue to which the case may be transferred.
“ ‘Because the defendants have established that another appropriate venue exists, it is necessary to determine whether transferring the case to *399 that venue is “in the interest of justice” or necessary “for the convenience of parties and witnesses.” § 6-3-21.1, Ala.Code 1975. This inquiry depends on the facts of the case. Ex parte Jim Burke Auto., Inc., 776 So.2d 118,121 (Ala.2000).’
“Ex parte Sawyer, 892 So.2d 919, 922 (Ala.2004) (emphasis added). ‘In considering a mandamus petition, we must look at only those facts before the trial court.’ Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995) (emphasis added). Of course, facts must be based upon ‘evidentiary material,’ which does not include statements of counsel in motions, briefs, and arguments. Ex parte McCord-Baugh, 894 So.2d 679, 686 (Ala.2004). See also Providian Nat’l Bank v. Conner, 898 So.2d 714, 719 (Ala.2004).”
ADT Sec. Servs., 933 So.2d at 345.
VUMC filed the affidavit of Bob Taylor, the chairman of the board of trustees of VUMC, in support of its motion to transfer. That affidavit, dated February 22, 2006, was attached to VUMC’s motion. Taylor testified in his affidavit that during the period pertinent to Baker’s complaint, the administrative council of VUMC consisted of 15 members, 13 of whom reside in Chilton County and 2 of whom reside in Coosa County. He also testified that the overwhelming majority of the congregation of VUMC lived in Chilton County during the period pertinent to Baker’s complaint and live there now. Attached to Taylor’s affidavit is a resolution passed by the administrative council of VUMC and dated February 19, 2006, stating that it would be less inconvenient for the members of the council and the current pastor to appear in court in Chilton County than in Montgomery County. As previously noted, Cowley and the Montgomery-Prattville District of the AWFC filed briefs in this Court concurring in the position taken by VUMC.
Nothing before this Court reflects that Baker presented any evidence to the trial court in opposition to VUMC’s and Cowley’s motions to transfer. She states in her brief to this Court that it would be equally inconvenient for the Montgomery County witnesses to travel to Chilton County as it would be for the Chilton County witnesses to travel to Montgomery County and that the Montgomery County witnesses “will likely outnumber those of the Chilton County claim.” She also states in her brief that Cowley, the representative of the Montgomery-Prattville District of the AWFC, and the lawyers for those defendants will have to travel farther from their residences to Chilton County than to Montgomery County. However, it is well settled that statements in a brief are not evidence. Baker attached to her brief to this Court an affidavit dated May 30, 2006, in which she testified that she intends to call as witnesses “several” coworkers, supervisors, and/or employees of the Montgomery-Prattville District of the AWFC and that those witnesses would be greatly inconvenienced if they had to travel to Chilton County. We have not relied upon Baker’s affidavit because, as previously stated, when this Court considers a mandamus petition, we can review only the evidence that was before the trial court. American Res. Ins. Co., 663 So.2d at 936. Baker’s affidavit clearly was not before the trial court.
Baker argues on rehearing that she did not have an opportunity to present any evidence to the trial court before it ruled on the motions to transfer, and, therefore, that this Court should remand the case to allow her to present evidence for the trial court to consider in opposition to the motions to transfer. Because Baker makes this argument for the first time on *400 rehearing, we cannot consider it. Dennis v. Northcutt, 923 So.2d 275 (Ala.2005).
The facts in this case are similar to the facts in ADT Security Services, supra; Ex parte Clarksville Refrigerated Lines I, Ltd., 860 So.2d 1261 (Ala.2003); and Ex parte National Security Insurance Co., 727 So.2d 788 (Ala.1998). In each of those three cases, the defendant did not maintain an office or keep any documents in the county in which the action was filed; the plaintiff did not live in that county; and no meetings between the plaintiff and the defendant occurred in that county. Instead, all meetings between the plaintiff and the defendant in each case occurred in the county to which the defendant sought to have the action transferred. In National Security, the plaintiff had received medical treatment and all of her witnesses resided in the county to which transfer was sought. In Clarksville Refrigerated Lines and ADT Security Services, key witnesses each defendant expected to call in the action lived in the county to which transfer was sought.
Based upon those facts, this Court in each of those three cases held that the trial court had exceeded its discretion when it denied the defendant’s motion to transfer the action, and it ordered the trial court to transfer the pending action to the county requested by the defendant. The facts of this case call for a similar result.
According to the evidence before the trial court, the majority of the contact between Baker and Cowley, on the one hand, and between Baker and VUMC, on the other, took place in Chilton County. Baker states in her complaint that Cowley left a voice-mail message for her on her answering machine at her residence in Au-tauga County.[2] All but two of the members of the administrative council of VUMC reside in Chilton County; the other two members reside in Coosa County, which is closer to Chilton County than to Montgomery County. The majority of the membership of VUMC resides in Chilton County. Baker herself resides in Autauga County, which lies between Chilton County and Montgomery County. Cowley now resides in Baldwin County, which is closer to Montgomery County than it is to Chilton County, but Cowley concurs in VUMC’s motion to transfer the case to Chilton County. The only defendant with a connection to Montgomery County is the Montgomery-Prattville District of the AWFC, to which Baker sent one letter, and that defendant also concurs in VUMC’s motion to transfer the case to Chilton County. Based upon the evidence before the trial court when it considered VUMC’s motion to transfer, the weak nexus with Montgomery County provided by the location of the Montgomery-Prattville District of the AWFC does not justify burdening Montgomery County with the trial of this case, which has a much stronger nexus with Chilton County. See Clarksville Refrigerated Lines, 860 So.2d at 1265; Ex parte Employers Modem Life Co., 772 So.2d 433, 436 (Ala.2000); National Security, 727 So.2d at 790; and Ex parte Independent Life & Acc. Ins. Co., 725 So.2d 955, 957 (Ala.1998).[3] Conse *401 quently, the trial court exceeded its discretion in denying VUMC’s motion to transfer.
Based upon the facts properly before this Court, we hold that the “interest of justice” and the “convenience of parties and witnesses” require the transfer of this action from Montgomery County, a county with a weak connection to the action at this time, to Chilton County, a county with a strong connection to the action. Because VUMC has clearly demonstrated that it is entitled to the relief requested, its petition is due to be granted.

IV. Conclusion

We grant VUMC’s petition for the writ of mandamus and direct the trial court (1) to vacate its order denying VUMC’s motion to transfer this case from the Montgomery Circuit Court to the Chilton Circuit Court, and (2) to enter an order transferring the case to the Chilton Circuit Court for the convenience of the parties and the witnesses and in the interest of justice.
APPLICATION OVERRULED; OPINION OF JULY 21, 2006, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL and SMITH, JJ., concur.
PARKER, J., concurs specially.

. VUMC filed a motion to dismiss before it filed its motion to transfer. While Rule 12(g), Ala. R. Civ. P., mandates consolidation of defenses asserted by motion, it limits the scope of defenses required to be consolidated to motions made under Rule 12. A motion to transfer based on forum non conveniens pursuant to § 6-3-21.1 is not a motion made under Rule 12. Rule 12(g) therefore does not apply, and VUMC has not waived its right to seek transfer based on forum non conveniens by filing separate motions.

. Baker describes in her complaint other telephone conversations, but she does not state in the complaint where those telephone conversations took place. She states in her application for rehearing and supporting brief that the conversations detailed in her complaint occurred in Montgomery County while she was at work. These statements, like those in her initial brief to this Court, are not evidence, and we have not considered them.

. Baker argues on rehearing that in our earlier opinion we "overlooked” Ex pane Townsend, 589 So.2d 711 (Ala.1991), in which this Court, in dicta, noted that to justify a transfer based upon fomm non conveniens the trans *401 feree forum must be "significantly more convenient” than the forum in which the action was filed. The dicta in Townsend discussed only the factor of convenience of the parties and witnesses. It did not consider the interest of justice as a separate basis for transfer as we do here in the context of avoiding burdening Montgomery County with the trial of a case that has a much stronger nexus with Chilton County.