BOLIN, Justice.
April Steele Benton and John Benton (hereinafter collectively referred to as “the Bentons”) and State Farm' Mutual Automobile Insurance Company • (“State Farm”), the defendants below, petition this Court for a writ of mandamus directing the Bibb Circuit Court to vacate its July 18, 2016, order denying the Bentons’ and State Farm’s motion to transfer this action from the Bibb Circuit Court to the Shelby Circuit Court and to enter an order granting the motion. We grant the petition and issue the writ.
I. Facts and Procedural History
On December 4, 2014, April Steele Benton, a resident of Bibb County, and Amir Alan Ebrahimi, a resident of Shelby County, were involved in a two-vehicle collision in Shelby County. Following the collision, Ebrahimi was transported from the scene of the accident by Regional Paramedical Services to the University of Alabama at Birmingham Medical Center (“UAB”), where he received treatment for his injuries.
On March 8, 2Ó16, Ebrahimi filed a complaint in the Bibb Circuit Court against April Steele Benton; John Benton, the owner of the car April was driving; and State Farm, Ebrahimi’s underinsured-mo-torist carrier. On April 20, 2016, the Ben-tons filed a motion to transfer the action to Shelby County based on the doctrine of forum non conveniens, as codified in § 6-3-21.1, Ala. Code 1975. The Bentons argued in their motion that Shelby County has a stronger connection to the case because: (1) the accident occurred in Shelby County; (2) the Pelham Police Department, located in Shelby County, investigated the accident; (3) Ebrahimi, the plaintiff, resides in Calera, which is located in Shelby County; (4) the first responders, employees of Regional Paramedical Services, are located in Shelby County; (5) Ebrahi-mi was treated at UAB, which is closer to Shelby County than to Bibb County; and (6) the only connection this action has with Bibb County is the fact that the Bentons, the defendants, reside there. On May 3, 2016, State Farm joined in the motion to transfer. Ebrahimi did not file a motion in opposition.
On July 18, 2016, the trial court, following a hearing, entered an order denying the motion for a change of venue. On September 1, 2016, the Bentons and State Farm filed this petition for a writ of mandamus.
II. Standard of Review
“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy;, and (4) properly invoked jurisdiction of .the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). ‘When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused, its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So. 2d 932, 936 (Ala. 1995)
*150 Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998).
III. Analysis
The Bentons and State Farm contend that the trial court exceeded its discretion in denying their motion to transfer the underlying action from Bibb County to Shelby County under the “interest-of-justice” prong of § 6-3-21.1 because, they say, all the material events giving rise to Ebrahimi’s claims occurred in Shelby County and Bibb County’s only connection to this action is the fact that the Bentons reside there. Section 6-8-21.1 provides, in pertinent part:
‘With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.) “A [party] moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice.” Ex parte Masonite Corp., 789 So.2d 830, 831 (Ala. 2001)(em-phasis added). In this case, it is undisputed that venue is proper in both Bibb County and Shelby County. However, Ebrahimi chose to file his complaint in Bibb County, where the Bentons reside. “When venue is appropriate in more than one county, the plaintiffs choice of venue is generally given great deference.” Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003). Accordingly, this Court must determine “whether ‘the interest of justice’ overrides the deference due [Ebrahimi’s] choice of forum.” Ex parte J & W Enters., LLC, 150 So.3d 190, 194 (Ala. 2014).
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [(Ala. 1998)]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So. 2d 906, 911 (Ala. 2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007). The petitioners in this case are thus required to demonstrate ‘ “that having the case heard in [Shelby] County would more serve the interest of justice” ’ than having the case heard in [Bibb] County. Ex parte First Tennessee Bank, 994 So.2d at 909 (quoting Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006)).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008).
We conclude that the Bentons and State Farm have demonstrated a clear legal right to have the underlying action transferred from Bibb County to Shelby County. Under our prior decisions construing the interest-of-justice prong of § 6-3-21.1, *151 this Court gives great weight to the fact that the accident occurred in Shelby County and to the fact that no material events occurred in Bibb County. See, e.g., Ex parte Wayne Farms, LLC, 210 So.3d 586, 591 (Ala. 2016) (holding that the interest of justice required transfer of a personal-injury action from Bullock County to Pike County where, among other things, the plaintiffs were residents of Pike County; the accident occurred on the plaintiffs’ farm in Pike County; and most of the emergency personnel who responded to the accident were located in Pike County, and the only connection the case had to Bullock County were the facts that one of the defendants lived there and that the plaintiffs operated a processing facility there); Ex parte Manning, 170 So.3d 638 (Ala. 2014)(holding that the interest of justice required transfer of a personal-injury action from Macon County to Montgomery County where, among other things, the accident occurred in Montgomery County; law-enforcement personnel who responded to the accident worked in Montgomery County; the plaintiff was transported to a hospital in Montgomery County after the accident; and the plaintiff was a resident of Montgomery County, and the only connection to Macon County was the fact that the defendant was a resident there); Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 750 (Ala. 2010)(holding that the interest of justice required transfer of a personal-injury action from Montgomery County to Elmore County where, among other things, the plaintiff was a resident of Elmore County; the accident occurred in Elmore County; and the emergency personnel who responded to the accident were from Elmore County, and, “[bjesides the fact that [the defendant] is [a] resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County”); Ex parte Indiana Mills, supra (holding that the interest of justice required transfer of a personal-injury action from Macon County to Lee County where, among other things, the accident occurred in Lee County and the Lee County police and emergency personnel responded to the scene and investigated the accident, and the only connection to Macon County were the facts that the defendant company conducted business there and that one of the individual defendants resided there); and Ex parte Mitchell, 690 So.2d 356, 358 (Ala. 1997) (holding that the interest of justice required that a personal-injury action against an insurance company be transferred to DeKalb County where all the parties to the action were DeKalb County residents and all the transactions relating to the sale of the policy occurred in DeKalb County).
In this case, nothing material to the underlying action transpired in Bibb County; rather, Bibb County’s only connection to the case is the fact that the Bentons, the defendants, reside there. See Ex parte Wachovia Bank, N.A., 77 So.3d 570, 574 (Ala. 2011)(“In short, nothing material to this case transpired in Macon County. Macon County’s sole material contact with this case is that the two individual defendants ... reside there.”). The accident in this case occurred in Shelby County; the police personnel and emergency personnel who responded to the accident were from Shelby County; and Ebrahimi, the plaintiff, is a resident of Shelby County. This Court sees no need to burden Bibb County, with its weak connection to the case, with an action that arose in Shelby County simply because the Bentons, the defendants, reside there.
IV. Conclusion
We hold that, based on the evidence before the trial court at the time of its ruling, the court should have granted the *152 Bentons’ and State Farm’s motion for a change of venue, and we accordingly issue the writ of mandamus and direct the trial court to vacate its order denying the motion and to enter an order transferring the action to Shelby County.
PETITION GRANTED; WRIT ISSUED.
Stuart, Shaw, Wise, and Bryan, JJ., concur.
Parker and Main, JJ., concur in the result.
Murdock, J., dissents.